IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GILBERTO RODRIGUEZ,** on behalf of himself, and all other similarly situated plaintiffs known and unknown, <br><br> Plaintiff <br><br> v. <br><br> **HANSON LANDSCAPE & DESIGN a/k/a HANSON LANDSCAPE DESIGN & INSTALLATION INC. AND DUSTIN HANSON, INDIVIDUALLY,** <br><br> Defendants | **No.** 17-cv- <br><br> Honorable Judge <br><br> Magistrate Judge <br><br> ***JURY DEMAND*** |

## COMPLAINT

NOW COMES Plaintiff, **GILBERTO RODRIGUEZ,** on behalf of himself and all other Plaintiffs similarly situated, by and through his attorney, JOHN W. BILLHORN, and for his Complaint against Defendants **HANSON LANDSCAPE & DESIGN a/k/a HANSON LANDSCAPE DESIGN & INSTALLATION INC. AND DUSTIN HANSON, INDIVIDUALLY,** states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois, Eastern Division in that during all times relevant to the employment relationship Plaintiff

regularly performed work in counties throughout this district including Kane and Cook County. Additionally, Defendants are or were engaged in business in this district.

### III. THE PARTIES

3. Defendant, **HANSON LANDSCAPE & DESIGN a/k/a HANSON LANDSCAPE DESIGN & INSTALLATION INC.,** provides landscaping maintenance, landscape construction, and snow removal services. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff, and therefore, as defined under both the federal and state statutes relied upon is an "employer."

4. Defendant, **DUSTIN HANSON,** is the owner/operator of Defendant Hanson Landscape & Design, and at all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff, and therefore, as defined under both the federal and state statutes relied upon is an "employer."

5. Plaintiff **GILBERTO RODRIGUEZ** (hereinafter "the named Plaintiff") is a former employee who performed work for Defendants as a landscaping and maintenance driver and laborer.

6. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as described above.

7. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

8. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

9. The non-compliant practices as alleged herein were part of a practice and policy implemented and maintained by Defendants and are common to a group or "class" of past and

2

present employees.

10.     Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## IV.     STATUTORY VIOLATIONS

### Collective Action under the Fair Labor Standards Act

11.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Count I of this action is brought by the named Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. § 201 *et seq.* and § 251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, § 260.

### Illinois Minimum Wage Law

12.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by the named Plaintiff to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

### Class Action under the Illinois Wage Payment and Collection Act

13.      Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by the named Plaintiff as a Fed. R. Civ. P. 23 class action to recover unauthorized deductions taken on or after the date ten (10) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V.

## V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

14.     The named Plaintiff, at all times pertinent to this cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

15. Defendants employed named Plaintiff at an hourly rate of pay during the course of his employment, from approximately April through December of 2016.

16. Defendants have, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiff, and required the named Plaintiff, and all similarly situated members of the Plaintiff Class, to perform work off-the-clock before and after their scheduled shifts, to the benefit of the Defendants. The off-the-clock work included cleaning the trucks and trailers and emptying the trash, gathering tools to be used throughout the day at job sites, checking the tools and trucks to be sure they were clean and working, preparing equipment, loading and receiving daily instructions, hooking up the trailers, and parking the trucks. This work time off-the-clock from their scheduled shift was without pay as required by the state and federal statutes relied upon herein.

17. Additionally, Defendants have, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiff while working as a laborer, and required the named Plaintiff, and all similarly situated members of the Plaintiff Class, to travel to the first job site of the day and from the last job site in the evening without compensation for that travel time as required by state and federal statutes relied upon herein.

18. Moreover, Plaintiff and those similarly situated were not compensated for mandatory trainings held by the Defendants at the beginning of the landscaping season.

19. Additionally, Plaintiff and those similarly situated were regularly unable to take their full thirty (30) minute auto-deducted unpaid meal breaks as a result of work volume and interruptions.

20. Moreover, Defendants have, both in the past and presently, failed and refused to pay Plaintiff and similarly situated members of the Plaintiff class for all overtime hours worked,

engaging in a practice of "shorting" Plaintiff's and upon information and belief, other employees' paychecks.

21. Furthermore, Plaintiff and all similarly situated members of the Plaintiff class experienced unauthorized deductions from their paychecks for uniforms. These deductions were taken without contemporaneous written authorization by the named Plaintiff and members of the Plaintiff class at the time each deduction was made, as required by law.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-21. Paragraphs 1 through 21 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 21 of this Count I.

22. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding Plaintiff his reasonable attorneys' fees and costs incurred; and

(c) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-22. Paragraphs 1 through 22 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 22 of Count II.

23. Defendants' actions as complained of above were done with Defendants'

knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding Plaintiff his reasonable attorneys' fees and Court costs incurred; and

(c) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-23. Paragraphs 1 through 23 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of Count III.

24. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

25. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff his reasonable attorneys' fees and costs incurred; and

(c) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### UNAUTHORIZED DEDUCTIONS

1-25. Paragraphs 1 through 23 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of this Count V.

26. Throughout the course of Plaintiff's and the Plaintiff class' employment, they had an employment relationship with Defendants, and an employment agreement, established by the present and prior conduct of the parties evincing their intent to be parties to an employer-employee relationship.

27. During the course of Plaintiff's and the Plaintiff class' employment, Defendants made deductions from their wages for uniforms, on a regular basis.

28. Such deductions (1) were not required by law; (2) were not to Plaintiff's or the Plaintiff class' benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made pursuant to a valid and compliant contemporaneous authorization form, signed and dated by Plaintiff and the Plaintiff class.

29. Defendants violated the IWPCA, 820 ILCS 115/9, by making unauthorized and unlawful deductions from Plaintiff's wages.

30. Plaintiff was damaged by Defendants' violation of the IWPCA.

31. This Count V is brought as a R. 23 class action, because although the precise number is unknown, the Plaintiff class is no numerous that joinder of their claims would be impracticable. It is estimated that there are at least 100 individuals in the putative class who experienced deductions.

32. The deductions present common questions of law and fact which predominate over variations that exist in the Plaintiff class, and the named Plaintiff's claims as to deductions are typical of those presented by the putative class.

33. Moreover, Plaintiff is an appropriate and adequate representative of the Plaintiff class, and Plaintiff's counsel is competent in the field of wage and hour claims including collective and class actions.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b) awarding an amount of damages pursuant to the formula set forth in the IWPCA, Section 115/14(a);

(c) ordering Defendants to account for unauthorized deductions to Plaintiff and the class Plaintiffs represent and entering judgment in Plaintiff's and the Plaintiff class' favor;

(d) directing Defendants to pay to Plaintiff his reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief it deems just and appropriate under the circumstances.

Respectfully Submitted,

*Electronically Filed 02/06 /2017*

s/ John W. Billhorn
John W. Billhorn

BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 840
Chicago, IL, 60604
(312) 853-1450